Robert WILSON, et al., Plaintiffs,

v.

The MID–SOUTH FOUNDRY,
INC., Defendant.

Nos. J–C–86–54, J–C–86–114.

United States District Court,
E.D. Arkansas,
Jonesboro Division.

May 7, 1987.

Samuel Turner, Jr., West Memphis, Ark., for plaintiffs.

Glenn Lovett, Jr., Walker, Snellgrove, Laser & Langley, Jonesboro, Ark., for defendant.

## MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

Pending now before the court are cross-motions of the plaintiffs, Robert Wilson *et al*, and the defendant, the Mid-South Foundry, Inc. (Mid-South), for summary judgment. For the reasons that follow, the defendant's motion shall be granted and the motion of the plaintiffs shall be denied.

In October, 1984, the Mid-South Foundry, Inc. operated by the defendant ceased operations. The plant's closing caused the several plaintiffs in this matter, former employees of Mid-South, to lose their jobs. The Mid-South Pension Plan Committee, acting in its capacity as named fiduciary for Mid-South's Pension Plan pursuant to 29 U.S.C. § 1102(a), determined that all former employees whose benefits under the pension plan had an actuarial value less than $1,750.00 would receive their benefits in one lump sum payment, while those whose benefits had an actuarial value in excess of $1,750.00 would receive a paid-up annuity contract from the Banker's Life Insurance Company. The plaintiffs fall into the latter category [1], each having received and accepted [2] an annuity contract. (Affidavit of Ralph Hill). At least some, and maybe all, of the plaintiffs had requested in writing to receive their pension benefits in one lump sum.[3] This lawsuit arises out of the plaintiffs' claim that the Plan Committee's refusal to pay lump sum benefits violated the provisions of the plan, Article V, Section 5.05, and their rights under The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA). Two questions are raised. One, does the Mid-South Pension Plan confer on the plaintiffs a right to receive their accrued benefits by lump sum payment and, two, does ERISA confer on the plaintiffs any such right?

██ Both parties agree that Article V, Section 5.05 of the Mid-South Pension Plan is dispositive of the first question, but they differ as to its proper interpretation. Section 5.05 reads in pertinent part:

> Notwithstanding the other provisions of this Plan, *if* (i) the Actuarial Value of a terminated or retiring member's vested Accrued Benefit as calculated at his date of severance is less than one thousand seven hundred and fifty dollars ($1750)

---

**1.** Excepting the following three plaintiffs who are uniquely situated: With respect to Charles Wofford, the Pension Committee determined that no benefits were due under the plan because Mr. Wofford did not have the requisite ten (10) years of service. Derrick Handy was a salaried employee of Mid-South and was not covered by the Pension Plan at issue here. (Affidavit of Ralph Hill). Dorothy Suggs, the widow of Mid-South employee Willie Suggs, claims benefits through her deceased husband. The Pension Committee determined she was not entitled to any benefits under the plan as her husband was not disabled prior to his death and did not reach early, normal or late retirement age. (Affidavit of Ralph Hill). However, even assuming Wofford, Handy and Suggs were covered by the plan, an issue not addressed here, they would still not be entitled to lump sum benefits for the reasons stated in this opinion. Since the plaintiffs prayed only that the court "determine the amount due them by way of lump sum amount," the collateral issues raised by the circumstances of these three plaintiffs need not be decided.

**2.** The plaintiffs have submitted a supplemental brief and affidavits in which they state they have not accepted the annuity contracts procured for them by the defendant. Whether the plaintiffs choose to accept said contracts, however, does not alter the court's conclusion that the plaintiffs are not entitled to lump sum benefits under either the Pension Plan or ERISA.

**3.** The affidavits submitted by the plaintiffs and the defendant are conflicting on the question whether some of the plaintiffs made written requests for lump sum benefits. For the purposes of this motion, the court need not resolve the dispute as it is not material to the issue at bar. *See Terket v. Lund,* 623 F.2d 29, 31 (7th Cir.1980) (to preclude summary judgment, disputed facts must be material to issues in the case).

(or a lesser amount if such lesser amount is prescribed by regulations of the Secretary of Treasury) *or* (ii) the member agrees in writing regardless of the amount of such Actuarial Value, the Pension tirement [sic] Committee *may* direct that the Actuarial Value of his vested Accrued Benefit as calculated at his date of severance be paid in a lump sum to such terminated member. [emphasis added]

The plaintiffs urge the court to construe this language to mean that a cash lump sum payment must be made if either the actuarial value of the benefits is less than $1,750.00 (condition (i)) or the employee agrees in writing to accept such payment (condition (i)). The court declines to manipulate the quoted language contrary to its plain meaning in order to reach the result advocated by the plaintiffs. Clearly, under Section 5.05 whether a lump sum payment is to be made in lieu of some other mode of payment is within the Pension Committee's discretion. The provision reads "if" condition (i) or condition (ii) is satisfied the Pension Committee "may" direct a lump sum payment to be made. The use of the word "may" connotes that a discretionary choice is to be made, as opposed to the words "shall" or "must," for example, which indicate an affirmative obligation. As recited in the Pension Plan Summary, the Plan was written to comply with the requirements of ERISA. The court takes notice that the Plan was artfully drafted to define legal rights and obligations and will, therefore, presume that the drafters intended the words used to be interpreted in their usual sense unless otherwise indicated. So interpreting Section 5.05 the court finds that the Mid-South Pension Plan confers no right upon the plaintiffs to receive lump sum payments, nor can the plan reasonably be interpreted to create that expectation.

■ Under ERISA, any right to a particular method or form of payment must be found in the pension agreement. The Act, by itself, provides for no specific mode of payment, by lump sum or otherwise. *CZYZ v. General Pension Board, Bethlehem Steel Corp.*, 578 F.Supp. 126, 129 (W.D.Penn.1983) *citing Pompano v. Michael Schiavone & Sons, Inc.*, 680 F.2d 911, 914 (2d Cir.1982); *Fine v. Semet*, 699 F.2d 1091, 1093 (11th Cir.1983). Accordingly, since no right to lump sum payment arises under the Mid-South Pension Plan, no such corresponding right arises under ERISA.

■ The plaintiffs next argue that Mid-South's failure to disclose its interpretation of Section 5.05—that lump sum benefits were not available to members whose accrued benefits exceeded $1,750—was misleading and therefore in violation of ERISA, specifically 29 U.S.C. § 1022(b) and 29 C.F.R. § 2520.102-2(b).[4] This argument is rejected. Section 1022(b) enumerates the information to be contained in the description of the benefit plan and includes the requirement that the plan summary set forth "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." C.F.R. Section 2520.102-2(b) requires only that the plan summary description not have the effect to mislead or fail to inform.

■ To be consistent with the finding above that Section 5.05 can only be reasonably construed to mean that payment of lump sum benefits is within the discretion of the Plan Committee, it necessarily follows that the court must find also that Section 5.05 did not violate 29 U.S.C.

4. The plaintiffs also made the argument that § 404(a)(1) prohibits the Pension Committee from granting a preference between the plan's participants or benefactors—the alleged preference being the payment of lump sum benefits to those participants who had accrued less than $1,750.00. The plaintiffs misconstrue § 1104(a)(1). The fiduciary duties imposed by that section "should be interpreted so that employees with long years of service would not lose *'anticipated retirement benefits'* when under plans that contain vesting provisions a *loss*

*is caused* by a fiduciary's preferential treatment of participants or beneficiaries." *Winpisinger v. Aurora Corp. of Illinois, etc.*, 456 F.Supp. 559 (E.D.N.D.Ohio 1978) (emphasis added). Here no loss was caused. The plaintiffs each received an annuity contract which will pay the full retirement benefits to which they were entitled. This accords with the purpose of ERISA to "guarantee pension payments to participants." *See* H.R.Rep. No. 93–1280, 93rd Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Ad.News 4639, 5038–5190.

§ 1022(b) or 29 C.F.R. § 2520.102–2(b). Moreover, when a pension committee acts within the law, its discretionary acts should not be disturbed absent a showing of bad faith or arbitrariness. *Pompano v. Michael Schiavone & Sons, Inc.*, 680 F.2d 911, 915 (2d Cir.1982). Since the plaintiffs have not claimed bad faith, the only remaining issue is whether the Pension Committee acted arbitrarily in denying lump sum payments to the class of participants to which the plaintiffs belong.

The plaintiffs state in their brief, in conclusory fashion, that "[t]he Defendants [sic] action to deny lump sum payments of vested benefits to Plaintiffs were [sic] arbitrary, capricious, disciminatory, inconsistent with the Pension Plan and in violation of ERISA and the Pension Plan." The court finds this conclusory allegation insufficient to create a genuine issue of fact. *See* Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d § 2727.

Ralph Hill, President of Mid-South, stated in his affidavit that the Pension Committee acted to further the purpose of the plan. The introductory page to the plan summary states "[t]he purpose of this Plan is to provide for the retirement of Employees." As a fiduciary, the Pension Committee was obligated to act with the above purpose in mind. *See supra,* fn. 4 (purpose of ERISA is to guarantee pension payments to participants). The action taken, securing annuity contracts to provide pension payments to the plan's participants, was entirely consistent with the duties imposed upon the Pension Committee and was not arbitrary as a matter of law.

Accordingly, there being no genuine issues of material fact in dispute, the court finds that the defendant, Mid-South, is entitled to judgment as a matter of law and that the plaintiff's complaint should be, and is hereby, dismissed with prejudice. The costs herein shall be assessed against the plaintiffs. The defendant's prayer for attorney's fees is denied.